DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, that granted permanent custody of appellants' children Diane, Thomas and Nicholas M. to the Lucas County Children Services Board ("LCCS"). For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellants Rebecca and Thomas M., natural parents of Diane, Thomas and Nicholas, set forth the following assignments of error:
 {¶ 3} "I. The trial court erred in finding that the Lucas County Children Services Board had made a good faith effort to reunify the minor children with appellants.
 {¶ 4} "II. The trial court erred in granting Lucas County Children Services Board's motion for permanent custody as it was against the manifest weight of the evidence to grant it."
 {¶ 5} On April 19, 2001, LCCS filed a complaint in dependency and a motion for shelter care with regard to appellants' youngest child, Nicholas M., who had been in the hospital since his birth on October 17, 2000, due to multiple and severe medical problems which included leukemia, a heart condition, and Downs Syndrome. (Case No. JC 01089716) Nicholas was to be released from the hospital on the day the complaint and motion were filed. LCCS alleged that appellants were mentally challenged and would not be able to adequately care for Nicholas, and that the parents were about to be evicted from their home due to non-payment of rent. The trial court awarded temporary custody of Nicholas to LCCS for placement in shelter care and appointed a guardian ad litem for the child. In addition, each parent was appointed separate legal counsel and a guardian ad litem. On June 7, 2001, Nicholas was adjudicated a dependent child and on November 20, 2001, LCCS filed a motion for permanent custody.
 {¶ 6} On February 4, 2002, LCCS sought and was granted an ex parte order for emergency custody of appellants' two other children, Diane M., born February 28, 1996, and Thomas M., born July 3, 1998. (Case No. JC 02103542) On May 13, 2002, LCCS filed a complaint in dependency, neglect, and abuse; a motion for permanent custody; and a motion for shelter care with regard to Diane and Thomas. The agency alleged that the parents had not appeared to make progress in parenting classes, did not appear capable of providing routine care for the children, did not recognize or respond to dangerous conditions in the home, were unable to budget their money, maintained substandard housing conditions, and allowed the children to be exposed to pornographic materials and videos. Temporary custody of both children was awarded to LCCS and guardians ad litem were appointed for the children. Following a hearing held on July 15, 2002, Diane and Thomas were adjudicated neglected children.
 {¶ 7} The two cases were consolidated for purposes of disposition and a hearing was held on October 15, 2002. At that time, the court was advised that the parents would stipulate to an award of permanent custody to LCCS based on R.C. 2151.414(E)(2), which permits the trial court to enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent due to, "* * * chronic mental illness, chronic emotional illness, mental retardation, physical disability or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing * * *."
 {¶ 8} The magistrate approved the parties' agreement and accepted the stipulation. On October 16, 2002, however, both parents filed objections to the magistrate's decision, and on November 15, 2002, the trial court found the objections well-taken and set the matter for a hearing. On December 16, 2002, the parties appeared before the trial court on the objections. Both parents were present with their respective appointed counsel and guardians ad litem. Appellant father addressed the court and expressed his desire for an open adoption of the children. Father's attorney stated that he and father's guardian agreed at the time of the October 15 hearing that the stipulation was the best decision for the parents. He then went on to indicate that he had since had second thoughts about his advice to his client and questioned whether "the system" had given up on this family. Father's guardian ad litem expressed his belief that with enough support and community services father could address the problems he had with parenting.
 {¶ 9} Mother's attorney also raised the issue of open adoption, indicating that representations that such an arrangement would be possible were the basis for mother going forward with the stipulation. Counsel asked the trial court to set the matter for a re-hearing on the issue of disposition. Mother's guardian questioned whether mother fully understood that there was no way for the court to bind adoptive parents to an open adoption. He did state, however, that he and mother had some "pretty good conversations" when he discussed this issue with her and stated that she was able to state to him what was taking place in court.
 {¶ 10} Counsel for appellee stated that there were no promises made to appellants regarding continuing visitation and that the agency represented only that it would pursue the possibility of an open adoption. Counsel further stated that as far as she knew that possibility had not been ruled out.
 {¶ 11} The guardian ad litem for the three children stated her opinion that despite tremendous support from numerous agencies these parents were unable to care for their children. She further expressed her opinion that no promises or threats were made to appellants at the time of disposition, that they were afforded the benefit of experienced legal counsel and guardians ad litem, and that the magistrate gave them ample time to discuss this issue and their decisions with their attorneys and guardians.
 {¶ 12} By judgment entry filed December 19, 2003, the trial court affirmed the magistrate's decision. It is from that judgment that the parties filed a timely appeal.
 {¶ 13} Appellants' two assignments of error focus on the weight of the evidence and the adequacy of the agency's efforts to reunify the children with their parents, with a brief discussion of the stipulation into which they entered on October 15, 2002. However, once the parties indicated their intentions to enter into the stipulation, there was no need for the trial court to hear evidence on the agency's efforts toward reunification and whether custody should be awarded to LCCS. Appellants correctly state that father indicated some uncertainty as to whether he wanted to go through with the stipulation. Appellants now assert that the trial court erred by not granting their request for a full dispositional hearing.
 {¶ 14} This court has thoroughly reviewed the transcript of the October 15 hearing. We note at the outset that nowhere in the record is there any indication that appellants requested a full dispositional hearing. All attorneys and guardians expressed their understanding of, and agreement with, the stipulation of permanent custody of all three children to LCCS. This court has devoted particular attention to the magistrate's voir dire of each parent in her efforts to ascertain whether the parents truly understood the ramifications of the stipulation, and to determine that it was in fact their desire to agree to it.
 {¶ 15} It appears to this court that at the December 16 hearing counsel and guardians for the parents were expressing to the trial court that they had second thoughts as to the parents' understanding of the stipulation into which they entered. Both attorneys addressed the difficulty of making a decision to terminate an individual's parental rights. The record clearly indicates that both parents were told by the magistrate that there were no guarantees of an open adoption and that there were no promises made by LCCS that the parents would be able to have any visitation with their children. Appellants appeared to argue at the December 16 hearing that they were misled into thinking that they would be able to visit their children and that there could be an open adoption. A careful review of the record does not support those claims.
 {¶ 16} A decision of great magnitude was made by the trial court in this case and the impact of that ruling on the parents is not by any means lost on this court. This court is cognizant of the parents' limited abilities to understand the complexities of the legal system in which they are involved. This court cannot help but note, however, that the comments made by appellants' attorneys and guardians ad litem during the December 16 hearing were strongly skewed toward mother's and father's interests and desires, as well as their understandably intense emotions over losing custody of their children, rather than focused, as required by law, on determining what would be in the best interest of the three children. A thorough reading of the transcript of both hearings makes it quite clear that mother's and father's interests were more than adequately represented, as detailed above.
 {¶ 17} Upon consideration of the record of proceedings in this case, this court finds that the trial court did not err by adopting the magistrate's decision. In light of appellants' stipulation to permanent custody at the October 15, 2002 hearing, which we find to have been made after extensive consultation with counsel and thorough questioning by the court, appellants' first and second assignments of error are found not well-taken.
 {¶ 18} On consideration whereof, this court finds that substantial justice was done the parties complaining and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, if affirmed. Costs of this appeal are assessed to appellants.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J., Mark L. Pietrykowski, J., and Judith AnnLanzinger, J., CONCUR.